UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>JOSEPH ATUANA, and<br>AYODELE ADENIRAN,<br><br>        Defendants. | **S4 16 Cr. 672 (KPF)** |

## THE GOVERNMENT'S REQUESTS TO CHARGE

JOON H. KIM
Acting United States Attorney for the
Southern District of New York
Attorney for the United States of America

Rebekah Donaleski
Nicholas Folly
Andrew D. Beaty
Assistant United States Attorneys
- Of Counsel -

## TABLE OF CONTENTS

**Request No.**                                                                                          **Page**

1. General Requests ......................................................................................................... 2
2. Summary of Indictment ............................................................................................... 3
3. Count One: Bank Fraud and Wire Fraud Conspiracy ................................................ 4
   a. (The Statute)......................................................................................................... 4
4. Count One: Bank Fraud and Wire Fraud Conspiracy ................................................ 6
   a. (Elements of a Conspiracy)................................................................................. 6
5. Count One: Bank Fraud and Wire Fraud Conspiracy ................................................ 7
   a. (Existence of the Conspiracy) ............................................................................ 7
   b. Objective of Conspiracy ..................................................................................... 8
6. Count One: Bank Fraud and Wire Fraud Conspiracy .............................................. 10
   a. (Membership in the Conspiracy) ...................................................................... 10
7. Count One: Bank Fraud and Wire Fraud Conspiracy .............................................. 13
   a. (Conscious Avoidance)...................................................................................... 13
8. Count One: Bank Fraud and Wire Fraud Conspiracy .............................................. 15
   a. (Acts and Statements of Coconspirators).......................................................... 15
9. Count Two: Bank Fraud............................................................................................ 16
   a. (Elements) .......................................................................................................... 16
10. Count Two: Bank Fraud............................................................................................ 17
    a. (Existence of a Scheme or Artifice) .................................................................. 17
11. Count Two: Bank Fraud............................................................................................ 20
    a. (Intent to Defraud) ............................................................................................. 20
12. Count Two: Bank Fraud............................................................................................ 22
    a. (Federally Insured Financial Institution) .......................................................... 22
13. Count Two: Bank Fraud............................................................................................ 23
    a. (Aiding and Abetting) ........................................................................................ 23
14. Count Three: Wire Fraud .......................................................................................... 25
    a. (Elements) .......................................................................................................... 25
15. Count Three: Wire Fraud .......................................................................................... 26
    a. (Existence of Scheme or Artifice to Defraud) .................................................. 26
16. Count Three: Wire Fraud .......................................................................................... 28
    a. (Participation in Scheme With Intent to Defraud) ............................................ 28
17. Count Three: Wire Fraud .......................................................................................... 31
    a. (Use of Interstate Wires) ................................................................................... 31
18. Count Three: Wire Fraud .......................................................................................... 33
    a. (Aiding and Abetting Liability) ......................................................................... 33
19. Count Four: Aggravated Identity Theft .................................................................... 36
    a. (Elements) .......................................................................................................... 36
20. Count Four: Aggravated Identity Theft .................................................................... 37
    a. (Transfer, Possession, or Use of Means of Identification of Another Person) ..... 37
21. Count Four: Aggravated Identity Theft .................................................................... 38
    a. (During and in Relation to Fraud)...................................................................... 38
22. Count Four: Aggravated Identity Theft .................................................................... 40

     a.  (Knowingly and Without Lawful Authority) ................................................ 40

23. Count Four: Aggravated Identity Theft .................................................................. 41
     a.  (Aiding and Abetting Liability) ................................................................. 41

24. Count Five: Money Laundering Conspiracy .......................................................... 42
     a.  (Elements) .................................................................................................. 42

25. Count Five: Money Laundering Conspiracy .......................................................... 43
     a.  (Existence of the Conspiracy) .................................................................... 43

26. Count Five: Money Laundering Conspiracy .......................................................... 44
     a.  (Objects of the Conspiracy) ....................................................................... 44

27. Count Five: Money Laundering Conspiracy .......................................................... 45
     a.  (Concealment Money Laundering) ............................................................ 45

28. Count Five: Money Laundering Conspiracy .......................................................... 46
     a.  (Concealment Money Laundering – Element #1) ...................................... 46

29. Count Five: Money Laundering Conspiracy .......................................................... 48
     a.  (Concealment Money Laundering – Element #2) ...................................... 48

30. Count Five: Money Laundering Conspiracy .......................................................... 49
     a.  (Concealment Money Laundering – Element #3) ...................................... 49

31. Count Five: Money Laundering Conspiracy .......................................................... 50
     a.  (Concealment Money Laundering – Element #4) ...................................... 50

32. Count Five: Money Laundering Conspiracy .......................................................... 52
     a.  (Promotional Money Laundering) ............................................................. 52

33. Count Five: Money Laundering Conspiracy .......................................................... 53
     a.  (Promotional Money Laundering - Intent to Promote Specified Unlawful Activity) ....................................................................................................... 53

34. Count Six: Passport Fraud ................................................................................... 54

35. Count Six: Passport Fraud ................................................................................... 55
     a.  (False Statement) ....................................................................................... 55

36. Count Six: Passport Fraud ................................................................................... 56
     a.  (Intent to Secure Passport) ........................................................................ 56

37. Count Six: Passport Fraud ................................................................................... 57
     a.  (Knowingly and Willfully) ........................................................................ 57

38. Venue .................................................................................................................... 58

39. Variance in Dates .................................................................................................. 59

40. Particular Investigative Techniques Not Required ................................................ 60

41. Charts and Summaries ........................................................................................... 61

42. Testimony of Law Enforcement Officers .............................................................. 62

43. Stipulations ........................................................................................................... 63

44. Preparation of Witnesses ....................................................................................... 64

45. Persons Not On Trial ............................................................................................ 65

46. Limiting Instruction—Similar Act Evidence ........................................................ 66

47. Uncalled Witnesses—Equally Available .............................................................. 68

48. Evidence Obtained from Searches ......................................................................... 69

49. Redaction of Evidentiary Items ............................................................................ 70

50. Consciousness of Guilt From Evidence of False Exculpatory Statements ..................... 71

51. Defendant's Testimony .......................................................................................... 72

52. Defendant's Right Not to Testify........................................................................... 73

53. Character Witnesses..................................................................................... 74
54. Statements of the Defendant ....................................................................... 75
55. Use of Recordings....................................................................................... 76
56. Sympathy: Oath as Juror............................................................................ 77
57. Conclusion .................................................................................................. 78

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JOSEPH ATUANA, and
AYODELE ADENIRAN,

                    Defendants.

**S4 16 Cr. 672 (KPF)**

## REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests that the Court include the following in its charge to the jury.

## REQUEST NO. 1.

### General Requests

The parties respectfully request that the Court give its usual instructions to the jury on the following matters:

> a.     Function of Court and Jury
>
> b.     Indictment not Evidence
>
> c.     Statements of Court and Counsel not Evidence
>
> d.     Burden of Proof and Presumption of Innocence
>
> e.     Reasonable Doubt
>
> f.     Government Treated Like Any Other Party
>
> g.     Inferences
>
> h.     Definitions and Examples of Direct and Circumstantial Evidence
>
> i.     Credibility of Witnesses
>
> j.     Interest in Outcome
>
> k.     Right to See Exhibits and Have Testimony Read During Deliberations
>
> m.     Punishment Is Not to Be Considered by the Jury
>
> n.     Verdict of Guilt or Innocence Must Be Unanimous

**REQUEST NO. 2.**

**Summary of Indictment**

The defendants, JOSEPH ATUANA and AYODELE ADENIRAN, have been formally charged in an Indictment containing six counts, or charges.  In your deliberations and in reaching your verdict, you must consider each count and each defendant separately.

Count One charges that from at least in or about April 2012, up to and including in or about September 2016, the defendants agreed with others to commit bank fraud and wire fraud.

Count Two charges that from at least in or about April 2012, up to and including in or about September 2016, the defendants executed and attempted to execute a scheme to defraud a financial institution.

Count Three charges that from at least in or about February 2013, up to and including in or about June 2015, the defendants committed wire fraud.

Count Four charges that from at least in or about April 2012, up to and including in or about September 2016, the defendants committed aggravated identity theft by using another person's identity in connection with the frauds they are accused of in Counts One through Three.

Count Five charges that from at least in or about April 2012, up to and including in or about September 2016, the defendants agreed with others to engage in financial transactions in order to promote the carrying on of specified unlawful activities or to conceal the source of those activities.

Count Six charges that on or about October 6, 2016, ATUANA made a false statement in an application for a passport.

Before you begin your deliberations, you will be provided with a copy of the Indictment containing these charges.  *[If applicable]*

3

**<u>REQUEST NO. 3.</u>**

**Count One: Bank Fraud and Wire Fraud Conspiracy**

**(The Statute)**

Count One of the Indictment charges the defendants with participating in a conspiracy to violate a federal law, in violation of Title 18, United States Code, Section 1349.

Specifically, Count One charges:

*[The Court is respectfully requested to read Count One.]*

A conspiracy is a kind of criminal partnership—a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to violate a federal law is an independent offense.  It is separate and distinct from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."

For example, in this case, the Indictment alleges what is called a "multi-object conspiracy," which charges that the objectives of the conspiracy were to commit wire fraud and to commit bank fraud.  A conspiracy to commit wire fraud is an entirely distinct and separate offense from the actual commission of wire fraud.  A conspiracy to commit bank fraud is an entirely distinct and separate offense from the actual commission of bank fraud.  If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

Indeed, you may find a defendant guilty of the crime of conspiracy to commit bank or wire fraud even though the substantive crimes which were the object of the conspiracy were not actually committed.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.[1]

---

[1] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 19-2.

**REQUEST NO. 4.**

**Count One: Bank Fraud and Wire Fraud Conspiracy**

**(Elements of a Conspiracy)**

In order to satisfy its burden of proof with respect to the allegation of conspiracy, the Government must prove beyond a reasonable doubt the following two elements:

<u>First</u>, that the conspiracy charged in Count One of the Indictment existed; that is, that there was an agreement or understanding between two or more people to commit a federal crime, as charged in the Indictment; and

<u>Second</u>, that the defendant knowingly and willfully became a member of the alleged conspiracy.

If you find from your consideration of the evidence that each of these elements has been proved beyond a reasonable doubt as to a certain defendant, then you should find that defendant guilty. If, on the other hand, you find from your consideration of the evidence that any of these elements has not been proved beyond a reasonable doubt as to a certain defendant, then you should find that defendant not guilty.

Now let us separately consider the two elements:  first, the existence of the conspiracy, and second, whether the defendant knowingly and willfully associated himself with and participated in the conspiracy.[2]

---

[2] No overt act is required by Section 1349, and Congress's omission of that requirement (which is specifically included in 18 U.S.C. § 371) has repeatedly been held by the Supreme Court to mean that it has dispensed with such a requirement. *See Whitfield* v. *United States*, 543 U.S. 209, 219 (2005).  The Second Circuit has explicitly held that a conspiracy conviction under 18 U.S.C. § 1349 does not require proof of an overt act. *See United States* v. *Roy*, 783 F.3d 418, 420 (2d Cir. 2015).

6

## REQUEST NO. 5.

### Count One: Bank Fraud and Wire Fraud Conspiracy

### (Existence of the Conspiracy)

The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the conspiracy actually existed, that is, that two or more persons knowingly and willfully entered into the unlawful agreement charged in the Indictment.

The gist or the essence of the crime of conspiracy is the unlawful combination or agreement to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not relevant to the question of whether the conspiracy existed.

In order for the Government to satisfy this element, you need not find that the alleged members of the conspiracy sat around together and entered into any express or formal agreement.  Similarly, you need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

You may, of course, find that the existence of an agreement to commit an unlawful act has been established by direct proof.  However, common sense tells you that when people, in fact, enter into a criminal conspiracy, much is left to unexpressed understanding.  Conspiracy by its very nature is characterized by secrecy.  It is, therefore, rare that a conspiracy can be proven by direct evidence of an explicit agreement.

7

You may, however, infer the existence of the conspiracy from the circumstances of the case and the conduct of the parties involved if you find that the evidence justifies such an inference.  In a very real sense, then, in the context of a conspiracy charge, actions often speak louder than words.  In this regard you may, in determining whether an agreement existed here, consider the actions and statements of all of those whom you found or find to be participants as proof that a common design existed on the part of the persons involved in the conspiracy to act together to accomplish an unlawful purpose.

So first you must determine whether or not the proof established beyond a reasonable doubt the existence of the conspiracy charged.  In considering the first element, you should consider all of the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, which may include not only the defendant, but other co-conspirators as well, and such inferences as reasonably may be drawn from the evidence.

## Objective of Conspiracy

The object of a conspiracy is the illegal goal that the co-conspirators agreed, or hoped, to achieve.  The Indictment here charges that the conspiracy alleged in Count One had two objects: the commission of bank fraud and wire fraud.

I remind you that the crime of conspiracy to violate a federal law is an independent offense.  It is separate from the actual violation of any specific federal laws, which the law refers to as "substantive crimes."  The substantive crimes of bank fraud and wire fraud are charged in Counts Two and Three of the Indictment.

Indeed, you may find the defendant guilty of the crime of conspiracy to commit wire fraud or bank fraud even if you find that the wire fraud and bank fraud themselves – that were the object of the conspiracy – was not actually committed.

8

Because you will have to determine whether there existed a conspiracy to commit bank

fraud and wire fraud, I will explain the law regarding substantive bank fraud and wire fraud later

in my instructions.  You should rely on those instructions in connection with Count One as well.[3]

---

[3] Adapted from the charge given by the Honorable John F. Keenan in *United States* v. *Rasheen Jordan*, 03 CR 399 (JFK) (2004), and from Sand, *Modern Federal Jury Instructions*, Instr. 19-4; *see also United States* v. *Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes.") (citations omitted); *United States* v. *Montour*, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.") (citations omitted).

**REQUEST NO. 6.**

**Count One: Bank Fraud and Wire Fraud Conspiracy**

**(Membership in the Conspiracy)**

The Government must also prove beyond a reasonable doubt that the defendant you are considering unlawfully, willfully, and knowingly entered into the conspiracy—that is, with a purpose to violate the law—and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objective.

Now, as to this element, the terms unlawfully, willfully, and knowingly mean that you must be satisfied that in joining the conspiracy, assuming you find that the defendant you are considering did join the conspiracy, the defendant knew what he was doing. That is, that he took the actions in question deliberately and voluntarily.

"Unlawfully" simply means contrary to law. The defendant need not have known that he was breaking any particular law or any particular rule, but he must have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" and "willfully" if it is done deliberately and purposefully; that is, a defendant's acts must have been the product of his conscious objective, rather than the product of force, mistake, accident, mere negligence, or some other innocent reason.

Now, knowledge is a matter of inference from the proven facts. Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you do have before you the evidence of certain acts and conversations alleged to have taken place involving the defendant or in his presence. You may consider this evidence in determining whether the government has proven beyond a reasonable doubt the defendant's knowledge of the unlawful purposes of the conspiracy.

10

It is not necessary for the government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.

The duration and extent of the defendant's participation has no bearing on the issue of his guilt.  He need not have joined the conspiracy at the outset.  The defendant may have joined it for any purpose at any time in its progress, and he will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.

Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles in the scheme.  An equal role or an important role is not what the law requires.  In fact, even a single act can be sufficient to make a defendant a participant in an illegal conspiracy.

However, I want to caution you that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without agreement and participation is not sufficient. What is necessary is that a defendant participate in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, may have intentionally engaged, advised or assisted in the conspiracy for the purpose of

furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement—that is to say, he becomes a conspirator.

A conspiracy once formed is presumed to continue until its objective is accomplished or until there is some affirmative act of termination by its members.  So too, once a person is found to be a participant in the conspiracy, that person is presumed to continue being a participant in the venture until the venture is terminated, unless it is shown by some affirmative proof that the person withdrew and dissociated himself from it.[4]

---

[4] Adapted from the charges of the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (S.D.N.Y. 2013); the Honorable William H. Pauley III in *United States* v. *Davis et al.*, 06 Cr. 911 (WHP) (S.D.N.Y. Apr. 30, 2010); the Honorable Lewis A. Kaplan in *United States* v. *Redden*, 02 Cr. 1141 (S.D.N.Y. 2004); and the Honorable John F. Keenan, *United States* v. *Pa Smith*, 02 Cr. 104 (JFK) (S.D.N.Y. 2002).

**REQUEST NO. 7.**

**Count One: Bank Fraud and Wire Fraud Conspiracy**

**(Conscious Avoidance)**

As I explained, the Government is required to prove that the defendants acted knowingly. In determining whether the defendants acted knowingly, you may consider whether the defendants deliberately closed their eyes to what otherwise would have been obvious.

If you find that the defendants were aware of a high probability that an object of the conspiracy was to violate federal law, but that the defendant acted with deliberate disregard of that fact, you may find that the defendant acted knowingly. The law calls this "conscious avoidance" or "willful blindness." However, if you find that the defendants actually believed that they and their co-conspirators were acting in a lawful manner, they may not be convicted of the charge in Count One.

A person cannot look at all sorts of things that make it obvious to any reasonable person what is going on and then claim in court that because he or she deliberately avoided learning explicitly what was obvious anyway, that person did not actually know the incriminating fact.

I want to be very clear about what this means and does not mean with respect to the conspiracy charged in Count One.

First, there is a difference between knowingly participating in the conspiracy and knowing the objects of the conspiracy. "Conscious avoidance" or "willful blindness," as I have described it, cannot be used as a basis for finding that the defendants knowingly joined the conspiracy. It is logically impossible for a defendant to join the conspiracy unless he knows the fact that the conspiracy exists. However, if you find beyond a reasonable doubt that a defendant chose to participate in a joint undertaking, you may consider whether the defendant deliberately

13

avoided confirming an otherwise obvious fact, that the purpose of the partnership he joined was to commit bank fraud and/or wire fraud.

If you find beyond a reasonable doubt that the defendants were aware that there was a high probability that his co-conspirators' objective was to commit bank fraud and/or wire fraud, but that the defendants deliberately avoided confirming this fact, you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge of the object of the charged conspiracy, unless you find that the defendants actually believed that they and their co-conspirators were acting in a lawful manner.

The necessary knowledge on the part of the defendant regarding the object of the conspiracy cannot be established by showing that the defendant was merely careless or negligent or stupid or foolish, or that he should have known what was going on.  If the defendant actually believed that the conspiracy was about something else entirely, or if he was merely foolish, careless or even reckless about the risk that he was wrong, then you cannot find the defendant guilty.  Conscious avoidance can only be established where the defendant deliberately decided not to confirm a key fact, when it was obvious or highly probable that the fact was true.  One may not willfully and intentionally remain ignorant of important facts in order to escape the consequences of the criminal laws.  I am reading this instruction to you now, but you should apply it when you are considering each of the different counts in the Indictment as well.[5]

---

[5] Adapted from the charge given by the Hon. John F. Keenan in *United States* v. *Rohan Cameron*, 03 Cr. 1457 (JFK) (2004), and from Sand *et al.*, *Modern Federal Jury Instructions*, 3A-2.  "A conscious-avoidance charge is appropriate when (a) the element of knowledge is in dispute, and (b) the evidence would permit a rational juror to conclude beyond a reasonable doubt that the defendant was aware of a high probability of the fact in dispute and consciously avoided confirming that fact."  *United States* v. *Hopkins*, 53 F.3d 533, 542 (2d Cir. 1995) (citations and internal quotation marks omitted).  The Second Circuit has cautioned that "the prosecutor should request that the 'high probability' and 'actual belief' language be incorporated into every conscious avoidance charge."  *United States* v. *Feroz*, 848 F.2d 359, 360 (2d Cir.

**REQUEST NO. 8.**

**Count One: Bank Fraud and Wire Fraud Conspiracy**

**(Acts and Statements of Coconspirators)**

When people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy. Accordingly, the reasonably foreseeable acts, declarations, statements, and omissions of any member of the conspiracy in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions. If you find beyond a reasonable doubt that the defendant was a member of the conspiracy charged in the indictment, then acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of the conspiracy may be considered against the defendant. This is so even if such acts were done and statements were made in the defendant's absence and without his knowledge.

However, before you may consider the statements or acts of a coconspirator in deciding the issue of a defendant's guilt, you must first determine if the acts and statements were made during the existence and in furtherance of the unlawful scheme. If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may be considered by you as evidence only against the member who said or did that.[6]

---

1988) (per curiam) ("[K]nowledge of the existence of a particular fact is established (1) if a person is aware of a high probability of its existence, (2) unless he actually believes that it does not exist.").

[6] Adapted from the charge of the Honorable Vernon S. Broderick in *United States* v. *Alexio Gobern*, 15 Cr. 796; *see also* Sand, *Modern Federal Jury Instructions*, Instr. 19-9 (2012).

15

**REQUEST NO. 9.**

**Count Two: Bank Fraud**

**(Elements)**

Count Two charges the defendants with bank fraud, in violation of Title 18, United States Code, Section 1344.  Count Two charges:

> *[The Court is respectfully requested to read Count Two].*

The elements of the substantive crime of bank fraud are as follows:

<u>First</u>, that there was a scheme to defraud a bank <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises;

<u>Second</u>, that the defendant executed or attempted to execute the scheme with the intent either to defraud the bank or to obtain money or funds owned by or under the custody or control of the bank; and

<u>Third</u>, that the bank involved was federally insured.[7]

---

[7] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instr. 44-9.  *See* 18 U.S.C. § 1344.

16

## REQUEST NO. 10.

### Count Two: Bank Fraud

### (Existence of a Scheme or Artifice)

The first element of bank fraud is that that there was a scheme to defraud a bank <u>or</u> a scheme to obtain money owned by or under the custody or control of a bank, by means of materially false or fraudulent pretenses, representations, or promises;

This element requires proof of the existence of only one of these.  That is, <u>either</u> that there existed a scheme to defraud a bank <u>or</u> a scheme to obtain property under the custody or control of a bank by means of materially fraudulent pretenses, representations, or promises.

In order to prove the first theory of bank fraud, that there was a "scheme to defraud a bank," the Government must prove beyond a reasonable doubt that there was a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing property.

In order to prove the second theory of bank fraud, the government must prove beyond a reasonable doubt is that there was a scheme to obtain money or property owned by or under the custody and control of a bank by means of false or fraudulent pretenses, representations or promises. A representation is fraudulent if it was falsely made with the intent to deceive. Deceitful statements of half truth, the concealment of material facts, and the expression of an opinion not honestly entertained may constitute false or fraudulent representations under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, the omission of words, or the circumstances in which they are used

17

may convey a false and deceptive appearance. If there is intentional deception, the manner in which it is accomplished does not matter.

A fraudulent representation must relate to a material fact or matter. A material fact is one that would reasonably be expected to be of concern to a reasonable and prudent person in relying upon the representation or statement in making a decision. This means that if you find a particular statement of fact to have been false, you must determine whether that statement was one that a reasonable person might have considered important in making his or her decision. The same principle applies to fraudulent half truths or omissions of material facts.[8]

In considering this element of bank fraud, it is unimportant whether a bank actually relied on a misrepresentation.  It is sufficient if the misrepresentation is one that is merely capable of influencing the bank's decision.[9]

It is not necessary for the Government to prove that the financial institutions actually lost money or property as a result of the scheme, or that the defendant intended for the financial institutions to lose money or property.[10]  A scheme to defraud a bank also exists when a bank is provided false or fraudulent information that, if believed, would prevent the bank from being able to make informed economic decisions about what to do with its money or property.  For example, if the Government proves beyond a reasonable doubt that because of the scheme, the

---

[8] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-10.

[9] *See Neder* v. *United States*, 527 U.S. 1, 25 (1999) (holding that federal fraud statutes do not incorporate a reliance element); *United States* v. *Shapiro*, 29 F. App'x 33, 35 (2d Cir. 2002) ("[A]ctual reliance is not an element of bank fraud."); *United States* v. *Rodriguez,* 140 F.3d 163, 167 (2d Cir.1998) ("A misrepresentation is material if it's capable of influencing the bank's actions.").

[10] *See Shaw* v. *United States*, 137 S. Ct. 462, 469 (2016) (holding that the Government need not prove that the defendant intended that the bank ultimately suffer monetary loss).

financial institutions entered into transactions they would otherwise not have entered into, then the Government will have met its burden of proof as to this element.[11]

---

[11] *See Shaw* v. *United States*, 137 S. Ct. 462, 467 (2016) (The bank fraud "statute, while insisting upon 'a scheme to defraud,' demands neither a showing of ultimate financial loss nor a showing of intent to cause financial loss.  Many years ago Judge Learned Hand pointed out that '[a] man is none the less cheated out of his property, when he is induced to part with it by fraud,' even if 'he gets a quid pro quo of equal value.' *United States* v. *Rowe,* 56 F.2d 747, 749 (C.A.2 1932). That is because '[i]t may be impossible to measure his loss by the gross scales available to a court, but he has suffered a wrong; he has lost,' for example, 'his chance to bargain with the facts before him.' *Ibid.*"); *United States* v. *Regent Office Supply Co.*, 421 F.2d 1174, 1181–82 (2d Cir. 1970) ("[A] wrong has been suffered when a man is deprived of his chance to bargain with the facts before him where the absent facts are facts material to the bargain he is induced thereby to enter.").

**REQUEST NO. 11.**

**Count Two: Bank Fraud**

**(Intent to Defraud)**

The second element of bank fraud is that the defendant executed, attempted to execute, or participated in the scheme or artifice knowingly, willfully, and with the intent to defraud the bank or that the defendant executed or attempted to execute the scheme knowingly and willfully and with the intent to obtain money or funds owned or under the custody or control of the bank.

A person acts "knowingly" if he acts voluntarily and deliberately and not mistakenly or inadvertently. In determining whether the defendant you are considering acted knowingly, you may also consider whether the defendant consciously avoided guilty knowledge, in other words, whether he was willfully blind to the nature of the scheme. I have already instructed you about those terms in connection with Count One, and you should rely on them here as well. A person acts "willfully" and "intentionally" if he acts purposely and voluntarily and with the specific intent to disobey or disregard the law.

This element requires that the defendant engaged in, or participated in, the scheme alleged with an understanding of its fraudulent or deceptive character and with an intention to help it succeed. It is not required that the defendant participate in or have knowledge of all the operations of the scheme. The guilt of the defendant is not governed by the extent of his participation. It also is not necessary that the defendant originated the scheme to defraud, or that the defendant participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the

20

scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless guilty, so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

The questions of whether a person acted knowingly, willfully, and with intent to defraud are questions of fact for you to determine, like any other fact question. These questions involve the state of mind of the defendant.

Direct proof of knowledge and fraudulent intent is often unavailable. Indeed, it is not typical that a person writes or states that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

When deciding whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.[12]

---

[12] Adapted from the charge of the Honorable Shira A. Scheindlin in *United States* v. *Vasilevsky*, 08 Cr. 903 (SAS) (S.D.N.Y. 2009); Sand, *Modern Federal Jury Instructions*, Instrs. 44-5, 44-11. *See also United States* v. *Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States* v. *King*, 860 F.2d 54, 55 (2d Cir. 1988) (same); *United States* v. *Karro*, 257 F.3d 112, 118 (2d Cir. 2001) (defendant who intentionally provides false information to lender about her identity to obtain credit card has intent to defraud, whether or not she intended to repay debts).

## REQUEST NO. 12.

### Count Two: Bank Fraud

### (Federally Insured Financial Institution)

The third element of the crime of bank fraud is that a financial institution in question was federally insured at the time of the scheme.  This simply means that the financial institution was a bank insured by the Federal Deposit Insurance Corporation or a credit union with accounts insured by the National Credit Union Share Insurance Fund during the time frame alleged in the Indictment.  The Government need not show that the defendant knew that a financial institution was federally insured to satisfy this third element.[13]

---

[13] *See* Sand, *Modern Federal Jury Instructions*, Instr. 44-11; 18 U.S.C. § 20(1) & (2).

**REQUEST NO. 13.**

**Count Two: Bank Fraud**

**(Aiding and Abetting)**

In connection with the substantive crime of bank fraud charged in Count Two, the defendants are also charged with aiding and abetting the commission of that crime.  The defendant you are considering can be convicted *either* if he committed the crime himself, *or* if another person committed the crime and the defendant aided and abetted that person to commit that crime.  In other words, it is not necessary for the Government to show that a defendant himself physically committed the crime charged in order for you to find him guilty.  This is because a person who aids, abets, counsels, commands, induces, or procures the commission of a crime is just as guilty of that offense as if he committed it himself.

Accordingly, you may find a defendant guilty of bank fraud as charged in Count Two if you find beyond a reasonable doubt that the Government has proven that another person actually committed the offense with which the defendant is charged, and that the defendant aided, abetted, counseled, commanded, induced or procured that person to commit the crime.

To aid or abet another to commit a crime, it is necessary that the government prove beyond a reasonable doubt that the defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed.

However, let me caution you that the mere presence of the defendant where a crime is being committed, even when coupled with knowledge by the defendant that a crime is being committed, is not sufficient to make the defendant guilty under this approach of aiding and abetting.  Such a defendant would be guilty under this approach of aiding and abetting only if, in

23

addition to knowing of the criminal activity, he actually took actions intended to help it succeed.[14]

---

[14] Adapted from Sand, *Modern Federal Jury Instructions*, Instrs. 11-1 and 11-2; and the charges of the Honorable Richard J. Sullivan in *United States* v. *Hussain*, 12 Cr. 45 (RJS) (S.D.N.Y. 2013); the Honorable Sidney H. Stein in *United States* v. *Roger Key*, 12 Cr. 712 (S.D.N.Y. 2014); and the Honorable Paul A. Engelmayer in *United States* v. *Lopez-Cabrera*, 11 Cr. 1032 (PAE).

**REQUEST NO. 14.**

**Count Three: Wire Fraud**

**(Elements)**

Count Three charges the defendants with wire fraud, in violation of Title 18, United States Code, Section 1341.  Count Three charges:

> *[The Court is respectfully requested to read Count Three].*

The elements of the substantive crime of wire fraud are:

<u>First</u>, that there was a scheme or artifice to defraud others of money or property by materially false or fraudulent pretenses, representations, or promises, as alleged in the Indictment;

<u>Second</u>, that the defendant knowingly and willfully devised or participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud; and

<u>Third</u>, that in the execution of that scheme, the defendant used, or caused the use by others of, interstate or foreign wires.[15]

---

[15] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-3 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); and the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), aff'd, 917 F.2d 80 (1990); the charge of the Honorable John G. Koeltl in *United States* v. *Szur*, 97 Cr. 108 (JGK)  (1998); and the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (1991); *see also United States* v. *Dinome*, 86 F.3d 277, 283 (2d Cir. 1996); *United States* v. *Altman*, 48 F.3d 97, 101 (2d Cir. 1995); *United States* v. *Mittelstaedt*, 31 F.3d 1208, 1216 (2d Cir. 1994); United States v. Miller, 997 F.2d 1010, 1017 (2d Cir. 1993); *United States* v. *Wallach*, 935 F.2d 445, 461 (2d Cir. 1991); *United States* v. *Rodolitz*, 786 F.2d 77, 80 (2d Cir.) (discussing elements of analogous mail fraud violation), cert. denied, 479 U.S. 826 (1986); *Polycast Technology Corp.* v. *Uniroyal, Inc.*, 728 F. Supp. 926 (1989) (elements of wire fraud).

**REQUEST NO. 15.**

**Count Three: Wire Fraud**

**(Existence of Scheme or Artifice to Defraud)**

The first element to a charge of wire fraud is the existence of a scheme or artifice to defraud others of money or property by means of false or fraudulent pretenses, representations, or promises.

I will now explain to you what these terms mean.  They are almost self-explanatory.

A "scheme or artifice" is simply a plan, device, or course of conduct to accomplish an objective.  "Fraud" is a general term.  It is a term that includes all the possible means by which a person seeks to gain some unfair advantage over another person by false representations, false suggestion, false pretenses, or concealment of the truth.  The unfair advantage sought can involve money, property, or any other thing of value.

Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.  The scheme to defraud is alleged to have been carried out by making false or fraudulent statements, representations, claims and documents.  A statement, representation, claim or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was falsely made with the intention to deceive.  Deceitful statements of half-truths or the concealment of material facts, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

You may find that a scheme to defraud existed only if the Government has proven beyond a reasonable doubt the existence of the scheme alleged in the Indictment, which I read to you a few moments ago.

26

A scheme to defraud need not be shown by direct evidence, but may be established by all the circumstances and facts in the case.

These false representations and pretenses must be "material."  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  A "material" fact is one which reasonably would be expected to be of concern to a reasonable and prudent person relying on the statement in making a decision.  That means if you find a particular statement of fact to have been untruthful, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such a decision.  In particular, you must find that the statement or omission was one that would have mattered to a reasonable person in a pecuniary or monetary way.  Actual reliance by the person on the representations is not required; it is sufficient if the misrepresentation is one that is capable of influencing the person's decision and is intended by the defendant to do so.[16]

---

[16] Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 44-2.

## REQUEST NO. 16.

### Count Three: Wire Fraud

### (Participation in Scheme With Intent to Defraud)

The second element of wire fraud is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with the specific intent to defraud.

The words "devised" and "participated" are words that you are familiar with and, therefore, I do not need to spend much time defining them for you. To "devise" a scheme to defraud is to concoct or plan it. To "participate" in a scheme to defraud means to associate oneself with it with a view and intent toward making it succeed. While a mere onlooker is not a participant in a scheme to defraud, it is not necessary that a participant be someone who personally and visibly executes the scheme to defraud.

In order to satisfy this element, I remind you that it is not necessary for the Government to establish that the defendant originated the scheme to defraud. It is sufficient if you find that a scheme to defraud existed, even if originated by another, and that the defendant, while aware of the scheme's existence, knowingly participated in it.

It is also not required that the defendant participate in or have knowledge of all of the operations of the scheme and even if he does not participate in all of the scheme's operations. The guilt of the defendant is not governed by the extent of his participation.

It also is not necessary that the defendant have participated in the alleged scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past in furtherance of the criminal objective and all that is done thereafter.

28

Even if the defendant participated in the scheme to a lesser degree than others, he is nevertheless equally guilty, so long as that defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

As I have previously noted, before the defendant may be convicted of the fraud charged here, he must also be shown to have acted knowingly and willfully and with a specific intent to defraud.

I have already instructed you on the definition of the term "knowingly" in connection with Count One, and you should rely on those instructions here as well.

A person acts "willfully" and "intentionally" if he acts voluntarily and with the specific intent to disobey or disregard the law. It is not necessary that the defendant knew that he was violating a particular law. It is enough if he was aware that what he was doing was, in general, unlawful.

The defendant must have acted not only knowingly and willfully, but also with the specific intent to defraud others of money or property. To act with intent to defraud means to act willfully and with the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly, willfully, and with intent to defraud is a question of fact for you to determine, like any other fact question. This question involves the defendant's state of mind.

Direct proof of knowledge, willfulness, and fraudulent intent is almost never available. Indeed, it would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he or she committed an act with fraudulent intent. Such direct proof is not required.

29

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether the defendant possessed or lacked an intent to defraud, you need not limit yourself to just what the defendant said, but you may also look at what the defendant did and what others did in relation to the defendant and, in general, everything that occurred.[17]

---

[17] Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Shapiro*, 06 Cr. 357 (KMW) (2009).

**REQUEST NO. 17.**

**Count Three: Wire Fraud**

**(Use of Interstate Wires)**

Now, the third and final element to the wire fraud object of the conspiracy is that interstate or foreign wire facilities were used in furtherance of the scheme to defraud.  The term "wire facilities" includes telephones, faxes, e-mail, radios, and television.

The "interstate" or "foreign" requirement means that the wire communication must pass between two or more states as, for example, a transmission of computer signals between New York and another state, such as Michigan, Texas, or New Jersey, or between the United States and another country.

It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud.  In this regard, it would be sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others; and this does not mean that the defendant himself must have specifically authorized others to execute a wire communication.  When one does an act with knowledge that the use of the wire will follow in the ordinary course of business, or where such use of the wires can reasonably be foreseen, even though not actually intended, then he or she causes the wires to be used. Incidentally, this wire communication requirement is satisfied even if the wire communication was done by a person with no knowledge of the fraudulent scheme, including the victim of the alleged fraud.

The use of the wire need not itself be fraudulent.  Stated another way, the wire communication need not contain any fraudulent representation, or even any request for money. It is sufficient if the wires were used to further or assist in carrying out the scheme to defraud.

Let me add the following: only the wire communication must be reasonably foreseeable, not its interstate or foreign component.  Thus, if you find that the wire communication was reasonably foreseeable, and the interstate or foreign wire communications actually took place, then this element is satisfied even if it was not foreseeable that the wire communication would cross state or national lines.

[If appropriate: You have heard a stipulation by the Government and the defendant that . . . .][18]

---

[18] Adapted from Sand, Modern Federal Jury Instructions, Instr. 44-7 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (2d Cir. 1990); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); and the charge of the Honorable John G. Koeltl, *United States* v. *Szur*, S5 97 Cr. 108 (JGK) (1998); see *United States* v. *Blackmon*, 839 F.2d 900, 907-08 (2d Cir. 1988) (regarding foreseeability of interstate nature of communication); *United States* v. *Keats*, 937 F.2d 58 (2d Cir.) (defendant need not have personally sent charged wire communication; affirming conviction where Government agent and informant initiated charged telephone calls), cert. denied, 502 U.S. 950 (1991); *United States* v. *Muni*, 668 F.2d 87, 89-91 (2d Cir. 1981) (extended discussion of "foreseeability" of wire communication); *Schmuck* v. *United States*, 489 U.S. 705 (1989); *United States* v. *Paccione*, 949 F.2d 1183, 1196 (2d Cir. 1991); *United States* v. Keats, 937 F.2d 58, 64 (2d Cir.).

## REQUEST NO. 18.

### Count Three: Wire Fraud

### (Aiding and Abetting Liability)

As with Count Two, the defendant you are considering can be convicted *either* if he committed the crime himself, *or* if another person committed the crime and the defendant aided and abetted that person to commit that crime. Thus, if a defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed, he is guilty of the crime. I have already instructed you as to the requirements of aiding and abetting in connection with Count Two, and you should follow those instructions here as well.

33

## REQUEST NO. 19.

### Good Faith

### *[If applicable]*

Since an essential element of the crimes charged is an intent to defraud, it follows that good faith on the part of a defendant is a defense to the charge of wire fraud.  A defendant, however, has no burden of establishing a defense of good faith.  The burden is on the Government to prove fraudulent intent beyond a reasonable doubt and, consequently, a lack of good faith.

Even false representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.  An honest belief in the truth of the representations made by a particular defendant, and an honest belief that all material facts have been disclosed, is a complete defense, however inaccurate the statements may turn out to be.

However, in considering whether or not a particular defendant acted in good faith, you are instructed that a belief by the defendant you are considering, if such belief existed, that ultimately everything would work out so that no one would lose any money or be harmed does *not* mean that the defendant acted in good faith. If you find that the actions when taken were in bad faith, then no amount of honest belief on the part of the defendant that the scheme would ultimately cause no loss or harm will excuse fraudulent actions or fraudulent misrepresentations by him.[19]

---

[19] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 44-5 (based on the charge of the Honorable Edward Weinfeld in *United States* v. *Ranney*, 82 Cr. 771 (EW) (1983)); the charge of the Honorable Michael B. Mukasey in *United States* v. *Uccio*, 88 Cr. 906 (MBM) (1989), *aff'd*, 917 F.2d 80 (1990); the charge of the Honorable Charles S. Haight, Jr. in *United States* v. *Rogers*, 90 Cr. 377 (CSH) (1991); the charge of the Honorable John G. Koeltl in *United States* v.

**REQUEST NO. 20.**

**Negligence of Victim Not a Defense**

It is also unimportant whether a victim might have discovered the fraud had it probed further.  If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless, gullible, or even negligent.  Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of such fraud.[20]

---

*Szur*, 97 Cr. 108 (JGK) (1998); and the charge of the Honorable Allen G. Schwartz in *United States* v. *Reinhold*, 97 Cr. 686 (AGS) (1998); *see also United States* v. *Bryser*, 954 F.2d 79, 88-89 (2d Cir. 1992) (mail fraud; Government need not establish that defendant participated in all aspects of scheme), cert. denied, 112 S. Ct. 2939 (1992); *United States* v. *Amrep Corp.*, 560 F.2d 539, 543 (2d Cir. 1977) (holding that defendant may be liable for fraudulent transaction in which he did not directly participate, so long as part of overall scheme) (citations omitted); *United States* v. *Schwartz*, 924 F.2d 410, 420 (2d Cir. 1991) ("It need not be shown that the intended victim of the fraud was actually harmed; it is enough to show defendants contemplated doing actual harm, that is, something more than merely deceiving the victim."); *United States* v. *King*, 860 F.2d 54, 55 (2d Cir. 1988) (same), cert. denied, 490 U.S. 1065 (1989); *United States* v. *Rossomando*, 144 F.3d 197 (2d Cir. 1998).

[20]     Adapted from the charge of the Honorable Kimba M. Wood in *United States* v. *Shvartsman*, 04 Cr. 1368 (KMW) (2006).

## REQUEST NO. 21.

### Count Four: Aggravated Identity Theft

### (Elements)

Count Four of the Indictment charges the defendant with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.  Count Four charges:

*[The Court is respectfully requested to read Count Four].*

In order to find the defendant guilty of aggravated identity theft, you must find that the Government proved the following elements beyond a reasonable doubt:

First, that the defendant knowingly transferred, possessed, or used a "means of identification" of another person;

Second, that the defendant transferred, possessed, or used a "means of identification" of another person during and in relation to the offenses of bank and/or wire fraud; and

Third, that the defendant acted knowingly and without lawful authority.[21]

---

[21] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 39A-50, 39A-51.

## REQUEST NO. 22.

## Count Four: Aggravated Identity Theft

## (Transfer, Possession, or Use of Means of Identification of Another Person)

The first element that the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person,

The terms "transfer," "possess," and "use" have their common sense meaning.

The Government need only prove that the defendant either transferred, or possessed, or used a means of identification of another person. It is not necessary that the Government prove more than one of these.

A "means of identification" is:

> Any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including – any name, Social Security number, date of birth, official State or Government issued driver's license or identification number; or unique electronic identification number, address or routing code; or access device.

A "name" means the name of a person;

A "unique electronic identification number" includes a bank, brokerage, or credit account number;

In order to prove this element beyond a reasonable doubt, the "means of identification" must belong to an actual person other than the defendant. The actual person may be alive or dead.[22]

---

[22] Adapted from the charge of the Honorable Kenneth M. Karas in *United States* v. *FNU LNU, a/k/a "Oscar Mario Garcia,"* 10 Cr. 756 (KMK); the charge of the Honorable Deborah A. Batts in *United States* v. *Alalim Barrie*, 07 Cr. 158 (DAB); Sand, *Modern Federal Jury Instructions*, Inst. 35-49, 35-72, and 39A-49; *see also* 18 U.S.C. § 1028(d)(7)(A), (C), (D) (defining "means of identification").

37

**REQUEST NO. 23.**

**Count Four: Aggravated Identity Theft**

**(During and in Relation to Fraud)**

The second element the Government must prove beyond a reasonable doubt is that the defendant transferred, possessed, or used a means of identification of another person during and in relation to the conspiracy to commit bank fraud and wire fraud offense described in Count One of the Indictment, <u>or</u> during and in relation to either of the substantive bank fraud and wire fraud offenses described in Counts Two and Three of the Indictment.

To find that this element is satisfied, you must agree unanimously that the transfer, possession, or use of a means of identification of another person occurred during and in relation to one of these offenses. In other words, you must all agree that the transfer, possession, or use of a means of identification of another person occurred during and in relation to the conspiracy to commit bank fraud and wire fraud offense charged in Count One; <u>or</u> you must all agree that it occurred during and in relation to the substantive bank fraud offense charged in Count Two; <u>or</u> you must all agree that it occurred during and in relation to the substantive wire fraud offense charged in Count Three. Of course, this element is also satisfied if you find that the transfer, possession, or use of a means of identification of another person occurred during and relation to all three of the offenses charged in Counts One through Three.

"During and in relation to" means that the defendant's transfer, use, or possession of a means of identification of another person had a role in or facilitated, or had the potential of facilitating, the commission of the underlying bank fraud and wire fraud conspiracy offense

charged in Count One, or the substantive bank fraud and wire fraud offenses charged in Counts Two and Three.[23]

---

[23] Adapted from the charge of the Honorable Kenneth M. Karas in *United States* v. *FNU LNU, a/k/a "Oscar Mario Garcia,"* 10 Cr. 756 (KMK); the charge of the Honorable Robert P. Patterson in *United States* v. *Fleurissaint*, 03 Cr. 906 (RPP); *see also Smith* v. *United States*, 508 U.S. 223, 239 (1993) (defining "during and in relation to" with regard to 18 U.S.C. § 924(c)).

## REQUEST NO. 24.

### Count Four: Aggravated Identity Theft

### (Knowingly and Without Lawful Authority)

Third, and finally, the Government must also prove beyond a reasonable doubt that the defendant acted knowingly and without lawful authority in transferring, possessing, or using the means of identification of another person.

As I have already said with respect to prior Counts, to act "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

With regard to the defendant's knowledge, I instruct you that, in order for the Government to satisfy its burden of proof as to this element on the aggravated identity theft count, the Government must prove beyond a reasonable doubt that the defendant knew that the means of identification transferred, possessed, or used belonged to an actual person.

To act "without lawful authority" means to act without authorization from someone who has authority to give such authorization.[24]

---

[24] Adapted from the charge of the Honorable Kenneth M. Karas in *United States* v. *FNU LNU, a/k/a "Oscar Mario Garcia,"* 10 Cr. 756 (KMK); the Honorable Shira A. Scheindlin in *United States* v. *William Nkrumah*, 07 Cr. 137 (SAS); and Sand, *Modern Federal Jury Instructions*, Instr. 39A-49; *see also Flores-Figueroa* v. *United States*, 129 S. Ct. 1886 (2009).

## REQUEST NO. 25.

### Count Four: Aggravated Identity Theft

### (Aiding and Abetting Liability)

As with Counts Two and Three, the defendant you are considering can be convicted *either* if he committed the crime himself, *or* if another person committed the crime and the defendant aided and abetted that person to commit that crime.  Thus, if a defendant willfully and knowingly associated himself in some way with the crime committed by the other person and willfully and knowingly sought by some act to help the crime succeed, he is guilty of the crime. I have already instructed you as to the requirements of aiding and abetting in connection with Counts Two and Three, and you should follow those instructions here as well.

## REQUEST NO. 26.

### Count Five: Money Laundering Conspiracy

### (Elements)

Count Five charges the defendants with conspiring to commit money laundering, in violation of Title 18, United States Code, Section 1956(h).  Count Five charges:

*[The Court is respectfully requested to read Count Five].*

I have already instructed you as to the elements of conspiracy, and you should follow those instructions here.

In order to find the defendant guilty of this count, you must find that the Government has proven the following elements beyond a reasonable doubt:

First, that an agreement between two or more persons existed with the money laundering objects alleged in Count Five, which I shall discuss shortly.

Second, that the defendant knowingly and willfully joined the conspiracy.[25]

---

[25] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017).

42

## REQUEST NO. 27.

### Count Five: Money Laundering Conspiracy

### (Existence of the Conspiracy)

In determining whether a conspiracy to launder money existed, you must consider the principles regarding the existence of the conspiracy I set out earlier in these instructions.  In this instance, the unlawful objects or purposes of the conspiracy charged in Count Five are to commit money laundering by engaging in financial or monetary transactions that involved the proceeds of the crimes charged in Counts Two and Three.

Again, the crime of conspiracy as charged in Count Five relates to an agreement to commit money laundering with the proceeds of the bank fraud and wire fraud alleged in Counts One, Two, and Three.  It is the conspiratorial agreement to do the crime that is at issue; it is an entirely distinct and separate offense from the substantive crime of money laundering.  And, it follows, it is unnecessary for you to find that the crime of money laundering actually occurred.

It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding to accomplish, by the means alleged, at least one object of the conspiracy.[26]

---

[26] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017).

43

## REQUEST NO. 28.

### Count Five: Money Laundering Conspiracy

### (Objects of the Conspiracy)

As I described above in the context of Count One, in order to find the defendant guilty of participating in a conspiracy, you must find that the Government has proven beyond a reasonable doubt that the conspiracy had an unlawful purpose, which we call the "object" or "objects" of the conspiracy. "Objects" is another way of saying the illegal goals that the conspirators were seeking to achieve. Count Five charges a conspiracy, the objects of which were money laundering. The conspiracy is alleged to have the object or purpose of (1) "concealment" money laundering or (2) "promotional" money laundering, which I will explain in more detail in a moment.

You need not find that the defendant agreed to accomplish both types of money laundering; an agreement to accomplish either one of the objects is sufficient. In other words, if you find that the defendant agreed to commit "concealment" money laundering or "promotional" money laundering, the illegal purpose element of conspiracy will be satisfied. You must, however, be unanimous that the Government has proven beyond a reasonable doubt at least one of these two alleged objectives of the conspiracy. You must also be unanimous as to which of the two types has been proven. With that in mind, I will now proceed to discuss the elements of (1) concealment and (2) promotional money laundering.[27]

---

[27] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017).

44

### REQUEST NO. 29.

**Count Five: Money Laundering Conspiracy**

**(Concealment Money Laundering)**

Concealment money laundering occurs when a defendant conducts a financial transaction knowing that the transaction was designed in whole or in part to conceal or disguise the proceeds of specified unlawful activity.  Here, the specified unlawful activity is bank fraud and wire fraud.

In order to prove concealment money laundering, the Government must establish the following four elements beyond a reasonable doubt:

First, that two or more persons knowingly entered into an agreement to conduct or attempt to conduct a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, namely the bank fraud and wire fraud charged in Counts Two and Three of the Indictment;

Third, that the conspirators knew that the financial transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the conspirators agreed to conduct the financial transaction knowing that the transaction was designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of bank fraud and/or wire fraud.[28]

---

[28] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-7.

## REQUEST NO. 30.

### Count Five: Money Laundering Conspiracy

### (Concealment Money Laundering – Element #1)

The first element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the defendants conducted a financial transaction.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.

The term "financial transaction" means (1) a transaction involving a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree, or (2) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments.  I instruct you that an insured bank constitutes a "financial institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through or to a financial institution by whatever means.  The term "funds" includes any currency, money, or other medium of exchange that can be used to pay for goods and services.

Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places, or entities located in one state (including the District of Columbia) and persons, places, or entities located in another state, regardless of whether done for a business purpose or otherwise.

46

Foreign commerce means the same thing, except it is between a person, place, or entity in the United States and a person, place, or entity in a foreign country.

In determining whether someone is engaged in, or whether his activities affect interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general. The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by his actions or that commerce was actually affected. All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.[29]

---

[29] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-8.

## REQUEST NO. 31.

### Count Five: Money Laundering Conspiracy

### (Concealment Money Laundering – Element #2)

The second element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the financial transactions must involve the proceeds of "specified" unlawful activity.  Here, the "specified" unlawful activities are bank fraud and wire fraud charged in Counts Two and Three of the Indictment.

I instruct you, as a matter of law, that the term "specified unlawful activity" includes bank fraud, as charged in Count Two of the Indictment, and wire fraud, as charged in Count Three of the Indictment.

The term "proceeds" means any property, or any interest in property, that someone acquires or retains as profits resulting from the commission of the specified unlawful activity.[30]

---

[30] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-8.

48

**REQUEST NO. 32.**

**Count Five: Money Laundering Conspiracy**

**(Concealment Money Laundering – Element #3)**

The third element of concealment money laundering, which the Government must prove beyond a reasonable doubt, is that the defendant knew that the financial transactions at issue involved the proceeds of some form, though not necessarily which form, of unlawful activity.

Keep in mind that it is not necessary for the defendant to believe that the proceeds came from the same unlawful activity; it is sufficient that the defendant believed that the proceeds came from some unlawful activity.[31]

---

[31] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-9.

49

## REQUEST NO. 33.

### Count Five: Money Laundering Conspiracy

### (Concealment Money Laundering – Element #4)

The fourth and final element of concealment money laundering concerns the underlined purpose of the transaction.

Specifically, the Government must prove beyond a reasonable doubt that the defendant conducted financial transactions with knowledge that the transactions were designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

As I have previously instructed, to act knowingly means to act purposely and deliberately and not because of mistake or accident, mere negligence, or other innocent reason.  That is, the acts must be the product of the defendant's conscious objective.  If you find that the evidence establishes beyond a reasonable doubt that the defendant knew the purpose of the particular transaction in issue and that the transaction was either designed to conceal or disguise the true origin of the property in question, then this element is satisfied. However, if you find that the defendant knew of the transaction, but did not know that it was either designed to conceal or disguise the true origin of the property in question, but instead thought that the transaction was intended to further an innocent transaction, you must find that this element has not been satisfied and find the defendant not guilty.

For the fourth element to be satisfied, the defendant need not know which "specified unlawful activity" he was agreeing to help conceal.  He need only know that a purpose of the

financial transaction was concealing the nature, location, source, ownership, or control of the

funds.[32]

---

[32] Adapted from the jury charges of the Honorable Katherine B. Forrest in *United States* v. *Wedd*, 15 Cr. 616 (KBF) (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-10.

## REQUEST NO. 34.

### Count Five: Money Laundering Conspiracy

### (Promotional Money Laundering)

I will now discuss the second object of the conspiracy charged in Count Five of the Indictment, which deals with the use of money laundering to promote specified unlawful activity.

In order to prove the crime of promotional money laundering, the Government must establish beyond a reasonable doubt each of the following elements:

First, that two or more persons knowingly entered into an agreement to conduct or attempt to conduct a "financial transaction," which must in some way or degree have affected interstate or foreign commerce;

Second, that the financial transaction at issue involved the proceeds of specified unlawful activity, namely the bank fraud and wire fraud charged in Counts Two and Three of the Indictment;

Third, that the conspirators knew that the financial transaction involved the proceeds of some form of unlawful activity; and

Fourth, that the conspirators agreed to conduct the financial transaction with the intent to promote the carrying on of specified unlawful activity.[33]

---

[33] Adapted from the charge of the Honorable Vernon S. Broderick in *United States* v. *Ng Lap Seng,* 15 Cr. 706 (S.D.N.Y. 2017); and from Sand *et al.*, *Modern Federal Jury Instructions*, Instr. 50A-2.

52

## REQUEST NO. 35.

### Count Five: Money Laundering Conspiracy

### (Promotional Money Laundering - Intent to Promote Specified Unlawful Activity)

The first three elements of the promotional money laundering object are the same as the concealment money laundering object, about which I've already instructed you.

The fourth and final element of promotional money laundering concerns the <u>purpose</u> of the transaction.  The Government must prove beyond a reasonable doubt that the defendants acted with intent to promote the carrying on of specified unlawful activity.

As I told you before, I instruct you as a matter of law that bank fraud and wire fraud constitute "specified unlawful activity."

To act intentionally means to act deliberately and purposefully, not by mistake or accident, with the purpose of promoting, facilitating or assisting the carrying on of (i) bank fraud; and/or (ii) wire fraud.  If you find that the defendants acted with the intention or deliberate purpose of promoting, facilitating, or assisting in the carrying on of any or all of these specified unlawful activities, then the fourth element is satisfied.  You need not find that these activities actually occurred, but merely that the defendant acted to promote, facilitate, or assist them to occur.[34]

---

[34] Adapted from the charge of the Honorable Vernon S. Broderick in *United States* v. *Ng Lap Seng,* 15 Cr. 706 (S.D.N.Y. 2017); and Sand *et al.*, *Modern Federal Jury Instructions*, 50A-13.

## REQUEST NO. 36.

### Count Six: Passport Fraud

Count Six charges Joseph Atuana with making a false statement in an application for a United States passport in violation of Title 18, United States Code, Section 1542. Count Six reads as follows:

*[The Court is respectfully requested to read Count Five].*

In order to prove the defendant guilty of making a false statement in an application for a United States passport, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant made a false statement in an application for a United States passport;

Second, that the defendant made that false statement with the intent to secure the issuance of a passport for his or her own use or for the use of another; and

Third, that the defendant acted knowingly and willfully.[35]

---

[35] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 47-15, 47-16.

## REQUEST NO. 37.

### Count Six: Passport Fraud

### (False Statement)

The first element that the government must prove beyond a reasonable doubt is that the defendant made a false statement in an application for a United States passport.

A statement is false if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.[36]

---

[36] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 47-17, and the charge of the Hon. Kevin Thomas Duffy in *United States* v. *FNU LNU, a/k/a Ricardo Hernandez*, 10 Cr. 1043 (S.D.N.Y.)

## REQUEST NO. 38.

### Count Six: Passport Fraud

### (Intent to Secure Passport)

The second element that the government must prove beyond a reasonable doubt is that the defendant made that false statement with the intent to secure the issuance of a passport for his or her own use or for the use of another.

To establish this element, the government must prove that defendant made the false statement in the application with the intent that the application would result in the issuance of a passport. The government is not required to prove that defendant intended to use the passport in international travel.[37]

---

[37] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 47-18, and the charge of the Hon. Kevin Thomas Duffy in *United States* v. *FNU LNU, a/k/a Ricardo Hernandez*, 10 Cr. 1043 (S.D.N.Y.)

## REQUEST NO. 39.

### Count Six: Passport Fraud

### (Knowingly and Willfully)

The third element that the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully.

To act knowingly and willfully means to act deliberately and with knowledge and not in a way that is merely careless, negligent, or inadvertent. Thus, to satisfy this element, the government must prove that the defendant intentionally made the false statement knowing that it was false.[38]

---

[38] Adapted from Sand *et al.*, *Modern Federal Jury Instructions*, 47-19, and the charge of the Hon. Kevin Thomas Duffy in *United States* v. *FNU LNU, a/k/a Ricardo Hernandez*, 10 Cr. 1043 (S.D.N.Y.)

## REQUEST NO. 40.

### Venue

In addition to all of the elements I have described, with respect to each alleged crime, you must consider the issue of venue, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, and Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan counties.

I should note that the Government need not prove venue beyond a reasonable doubt, but only by a preponderance of the evidence.  Thus, the Government has satisfied its burden on this issue if you conclude that it is more likely than not that venue exists.  But I remind you that the Government must prove all other elements of the offenses beyond a reasonable doubt.

If you find that the Government has failed to prove the venue requirement with respect to a given count, then you must acquit the defendant of that count.[39]

---

[39] Adapted from the charge of the Hon. Colleen McMahon in *United States* v. *Omar Gonzalez*, 10 Cr. 588 (S.D.N.Y. 2010); Sand, *Modern Federal Jury Instructions*, Instr. 3-11.

**REQUEST NO. 41.**

**Variance in Dates**

You will note that the Indictment alleges that certain acts occurred on or about various dates. I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month but the testimony indicates that in fact it was a different date or month. The law requires only a substantial similarity between the dates and months alleged in the Indictment and the dates and months established by the evidence.[40]

---

[40] Adapted from the charge of the Honorable Edward Weinfeld in *United States* v. *Della Rocca*, 72 Cr. 217 (S.D.N.Y. 1972), and from the charge of the Honorable Charles Metzner in *United States* v. *Koss*, aff'd, 506 F.2d 1103 (2d Cir. 1974), cert. denied, 420 U.S. 977 (1975).

59

## REQUEST NO. 42.

### Particular Investigative Techniques Not Required

You may have heard reference to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why it used the techniques it did, or why it did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, a defendant's guilt has been proven beyond a reasonable doubt.[41]

---

[41] Adapted from the charges of the Hon. William H. Pauley III in *United States* v. *Meregildo, et al.*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012); and the Hon. Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (S.D.N.Y. 1992).

**REQUEST NO. 43.**

**Charts and Summaries**

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence. They are not direct evidence; they are summaries of the evidence. They are admitted into evidence as aids to you, intended to be of assistance to you in deliberations.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you. It is for you to decide whether the charts and summaries fairly and correctly present the information contained in the testimony and in the documents on which they are based. To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that they are of assistance to you in analyzing and understanding the evidence.[42]

---

[42] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 5-13, and the charge of the Hon. Katherine B. Forrest in *United States* v. *Benito Del Rosario*, 12 Cr. 81 (S.D.N.Y. 2012).

## REQUEST NO. 44.

### Testimony of Law Enforcement Officers

You have heard testimony of law enforcement officers.  The fact that a witness may be employed by the Government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, defense counsel may try to attack the credibility of a law enforcement witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witnesses and to give that testimony whatever weight, if any, you find it deserves.[43]

---

[43] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 7-16.

## REQUEST NO. 45.

### Stipulations

### [*If Applicable*]

You have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement among the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  It is for you, however, to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.  It is for you, however, to determine the effect to be given to any stipulated fact.[44]

---

[44] Adapted from Hon. Stephen C. Robinson, Jury Charge, *United States* v. *Leight*, 04 Cr. 1372 (S.D.N.Y. 2006); *see also* Sand, *Modern Federal Jury Instructions*, Instr. 5-6.

**REQUEST NO. 46.**

**Preparation of Witnesses**

**[*If Applicable*]**

You heard evidence during the trial that witnesses had discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.[45]

---

[45] Adapted from the charge of Hon. Michael B. Mukasey in *United States* v. *Abdul Latif Abdul Salam*, 98 Cr. 208 (S.D.N.Y. 1999).

## **REQUEST NO. 47.**

### **Persons Not On Trial**

You may not draw any inference, favorable or unfavorable, from the fact that any person in addition to the defendant is not on trial here.  You also may not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.[46]

---

[46] Adapted from Hon. Henry Werker, *United States* v. *Barnes*, 77 Cr. 190 (S.D.N.Y. 1977).

**REQUEST NO. 48.**

**Limiting Instruction—Similar Act Evidence**

*[If Applicable]*

You will recall that some evidence that the defendant was involved in crimes other than those charged in the Indictment was introduced by the Government and was received for limited purposes. The Government offered this evidence to demonstrate the defendant's identity, intent and knowledge, to establish the absence of mistake or accident with regard to the offenses that are charged in the Indictment, and to demonstrate the background of the conspiracy charged in Count One. You may not consider this evidence as a substitute for proof that the defendant committed any of the crimes charged in the Indictment. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence about the defendant was admitted for the limited purposes I will describe and you may consider it only for those limited purposes.

First, there has been evidence received during the trial that the defendant engaged in other conduct which was similar in nature to the conduct charged in the Indictment. If you find that the defendant did engage in that other conduct and if you find that the other conduct has sufficiently similar characteristics to that charged in the Indictment, then you may, but you need not, infer that the defendant was the person who committed the acts charged in this indictment or that the acts charged in this indictment and the other conduct were part of a common plan or scheme committed by the defendant.

Second, if you determine that the defendant committed any of the acts charged in the Indictment, then you may, but you need not, draw an inference that those uncharged acts are

66

evidence of the background to or development of the charged crimes, as well as the relationship of trust among co-conspirators.

Finally, you may also, but you need not, draw an inference based on those uncharged acts that the defendant acted knowingly and intentionally with respect to the specific charges, as charged in the Indictment, and not because of some mistake, accident, or other innocent reason.

The evidence of the defendant's uncharged acts may not be considered by you for any purpose other than what I have just explained to you.  Specifically, you may not consider it as evidence that the defendant is of bad character or has a propensity to commit crime.[47]

---

[47] Adapted from the charges of the Honorable William H. Pauley III in *United States* v. *Meregildo, et al.*, 11 Cr. 576 (WHP) (S.D.N.Y. Nov. 28, 2012) and the Honorable John F. Keenan in *United States* v. *Carrero*, 91 Cr. 365 (JFK) (S.D.N.Y. 1991); and Sand et al., *Modern Federal Jury Instructions*, Instr. 5-25, 5-26.  *See also United States* v. *Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992) ("[U]pon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

**REQUEST NO. 49.**

**Uncalled Witnesses—Equally Available**

There are several people whose names you have heard during the course of the trial but who did not appear here to testify.  I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.[48]

---

[48] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-7; *see United States* v. *Super*, 492 F.2d 319, 323 (2d Cir. 1974) (proper to instruct jury that no inference should be drawn from the absence of a witness who was equally unavailable to both sides); *accord United States* v. *Brown*, 511 F.2d 920, 925 (2d Cir. 1975).

68

**REQUEST NO. 50.**

**Evidence Obtained from Searches**

You heard testimony in this case about the evidence seized in connection with searches conducted by law enforcement officers.  Evidence obtained from this search was properly admitted in this case and may be properly considered by you.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.  You must, therefore, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven the defendant's guilt beyond a reasonable doubt.[49]

---

[49] Adapted from the charge of Hon. William H. Pauley III in *United States* v. *Meregildo*, 11 Cr. 576 (S.D.N.Y. Nov. 28, 2012).

## REQUEST NO. 51.

### Redaction of Evidentiary Items

### [*If Applicable*]

We have, among the exhibits received in evidence, some documents that are redacted. "Redacted" means that part of the document or tape was taken out. You are to concern yourself only with the part of the item that has been admitted into evidence. You should not consider any possible reason why the other part of it has been deleted.

## **REQUEST NO. 52.**

## **Consciousness of Guilt From Evidence of False Exculpatory Statements**

### [*If applicable*]

You have heard testimony that the defendant made certain statements in which he claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exonerated or exculpated himself was false.

False exculpatory statements can be considered circumstantial evidence of a defendant's consciousness of guilt and may have independent probative value.  If you find that the defendant made a false statement in order to divert suspicion from himself, you may, but are not required to, draw the conclusion that the defendant believed that he was guilty.  You may not, however, draw the conclusion on the basis of this alone that the defendant is, in fact, guilty of the crimes with which he is charged.

Whether or not evidence as to a defendant's statements shows that he believed that he was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.[50]

---

[50] Adapted from Sand, *Modern Federal Jury Instructions*, Instr. 6-11; *see United States* v. *Gaviria*, 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force") (quoting *United States* v. *Johnson*, 513 F.2d 819, 824 (2d Cir. 1975)).

## **REQUEST NO. 53.**

### **Defendant's Testimony**

### [*Requested only if the defendant testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence.  This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the Government at all times, and the defendant is presumed innocent.  In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness with an interest in the outcome of the case.[51]

---

[51] *See United States* v. *Gaines*, 457 F.3d 238, 249 & n.9 (2d Cir. 2006).

**REQUEST NO. 54.**

**Defendant's Right Not to Testify**

**[*If requested by defense*]**

The defendant did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to the defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.[52]

---

[52] Sand, *Modern Federal Jury Instructions*, Instr. 5-21.

**REQUEST NO. 55.**

**Character Witnesses**

***[If applicable]***

You have heard testimony that the defendant has a reputation for [insert character trait testified to, e.g., honesty and truthfulness] in the community where the defendant lives and work(s). That testimony bears on the defendant's character.  Character testimony should be considered together with all of the other evidence in the case in determining the guilt or innocence of a defendant.   If on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that a defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant. The guilt or non-guilt of a defendant is for you alone to determine, and should be based on all the evidence you have heard in the case.[53]

---

[53] Adapted from Sand et al., *Modern Federal Jury Instructions*, Instr. 5-15, and the charge in *United States* v. *Pujana-Mena*, 949 F.2d 24, 27-31 (2d Cir. 1991) (specifically approving charge).  A defendant is not entitled to a charge that character evidence "standing alone" is enough for acquittal. *United States* v. *Pujana-Mena*, 949 F.2d at 27-31 (strongly criticizing such charges as "potentially misleading and confusing"). The Second Circuit notes that "[I]t might be helpful in some cases to instruct the jury as to the purpose or purposes for which [character evidence] is admitted. Character evidence is admissible principally to show that, because of his or her good reputation, the defendant is less likely to have committed the charged crime.  In cases where the defendant testifies, character evidence may also be used by the jury to help it determine whether the defendant was truthful on the stand." *Id.* at 30 (citations omitted).

**REQUEST NO. 56.**

**Statements of the Defendant**

***[If Applicable]***

There has been evidence that the defendant made statements to law enforcement authorities.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that the statements were both made and obtained in a lawful manner, and that no one's rights were violated and that the Government's use of this evidence is entirely lawful.[54]

---

[54] Adapted from Sand, Modern Federal Jury Instructions, 5-19 and 5-20, and from the charge of the Hon. Michael B. Mukasey in *United States v. Abdul Salam*, 98 Cr. 208 (MBM) (S.D.N.Y. 1999) (in context of government's use of tape recordings).

## REQUEST NO. 57.

### Use of Recordings

### *[If Applicable]*

Video and audio recordings have been admitted into evidence.  Whether you approve or disapprove of the recording of a person's activities may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.[55]

---

[55] Adapted from the charges of Judge Pierre N. Leval in *United States* v. *Mucciante*, 91 Cr. 403 (PNL) (S.D.N.Y. 1992) and of the Honorable John G. Koeltl in *United States* v. *Alvarado-Matriller*, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).

## REQUEST NO. 58.

## Sympathy: Oath as Juror

Under your oath as jurors you are not to be swayed by sympathy.  You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is:  Has the Government proved the guilt of the defendant beyond a reasonable doubt?

It is for you and you alone to decide whether the Government has proved that the defendant is guilty of the crimes charged, solely on the basis of the evidence and subject to the law as I have instructed you.  It must be clear to you that once you let fear or prejudice, or bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to the defendant's guilt with respect to a particular count, you should not hesitate to render a verdict of acquittal on that count for the defendant. But, on the other hand, if you should find that the Government has met its burden of proving the defendant's guilt beyond a reasonable doubt, with respect to a particular count, you should not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

## REQUEST NO. 59.

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendants with respect to each count of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the applicable law.  Under your oath as jurors, you are not to be swayed by sympathy.  You are to be guided solely by the evidence presented during the trial and the law as I have given it to you, without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the evidence or lack of evidence.  If you let sympathy interfere with clear thinking, there is a risk you will not come to a just result.  Both sides are entitled to a fair trial.  You are to make a fair and impartial decision so that you come to a just verdict.

In submitting these requests to charge, the Government reserves the right to submit

additional or modified requests at or near the close of evidence.


Dated:  New York, New York
        December 26, 2017

                                        Respectfully submitted,

                                        JOON H. KIM
                                        Acting United States Attorney


                           By:   _____/s/____ _____
                                        Rebekah Donaleski
                                        Nicholas Folly
                                        Andrew D. Beaty
                                        Assistant United States Attorneys