UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------

UNITED STATES OF AMERICA,

      v.                                        Ind. # S4 16 Cr. 672 (KPS)

JOSEPH ATUANA,
                     Defendant.
-----------------------------------------------------------

## DEFENDANT JOSEPH ATUANA'S RESPONSE
## TO GOVERNMENT'S MOTION *IN LIMINE*

Introduction

This memorandum is submitted in response to the government's motion *in limine* seeking the admission into evidence of defendant Joseph Atuana's 2014 New York State arrest for cashing and depositing, during the period of the conspiracies charged in the indictment, of a fraudulent and unauthorized check, made payable to "JHA Alliance Corp.," a business Atuana controlled. The check was drawn on the account of a medical billing company and was deposited by Atuana into his account at Glen Falls National Bank. Also sought to be introduced is Atuana's subsequent conviction. To the extent that the government suggests that the conviction is "related to bank fraud" it should be noted that said conviction was for disorderly conduct, a

1

violation and not a crime under the New York Penal Law. The bank fraud charges were dismissed.

Evidence of Defendant's Similar Acts

The government posits alternative grounds for admissibility of the above noted evidence. First, that defendant's acts underlying the arrest are admissible as direct proof of the bank and wire fraud offenses charged in the indictment. Second, that this evidence is admissible under Federal Rules of Evidence 404(b), as it "prov[es] motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

Defendant does not object to evidence that he cashed and deposited a medical billing company's check, made payable to JHA Alliance Corp., an Atuana controlled business, into his, Atuana's, bank account at Glen Falls National Bank. Further, defendant does not object to evidence that he was arrested on those charges and those charges were resolved with a non criminal disposition. This, with the understanding that if the government does not offer all or some of the specified evidence on it's case-in-chief, defendant may do so on the defense case. And, that defendant will be allowed to argue, based on the described evidence, that he believed, in good faith, that his activities as charged in the indictment were lawful. That is, when defendant performed the banking activities charged in the indictment he believed those activities

were lawful because, he believed, the District Attorney's Office had determined that no crime had occurred when Atuana had engaged in similar banking activity. In that regard the following jury instruction is requested in connection with the Court's jury charge on intent:

> Defendant has raised what is known as the "Good Faith Defense." That is, he asserts that he believed, in good faith, that his banking activities as charged in the indictment were lawful. Good faith is an absolute defense to the charges in counts 1-5 of the indictment because good faith negates intent to commit a crime.
>
> If you find that the defendant honestly believed, in good faith, that his activities were lawful you should find him not guilty even if the defendant was mistaken, or even unreasonable in that belief. A defendant is under no burden to prove his good faith, rather the prosecution must prove bad faith beyond a reasonable doubt.

Atuana's Attorney"s Letter

During the course of the prosecution of defendant's New York State arrest his attorney sent a letter to the Assistant District Attorney handling the case. The government now claims that the letter is admissible as a "statement of a party opponent, pursuant to Rule 801(d)(2) of the Federal Rules of Evidence. " (Gov't. Motion *in Limine*, fn. p. 8.) A copy of the letter is attached hereto. The letter is filled with statements of fact concerning the subject matter of events that led to defendant's arrest. Events of which the attorney could not and did not have personal knowledge

and must have been garnered from a person or persons unknown or were mere conjecture. In other words the letter in issue is rife with hearsay.

Even if we assume that the letter itself is not considered hearsay as per Rule 801(d)(2)(D), Rule 805, which provides for the exclusion of "hearsay included within hearsay" is applicable. See, e.g. United States v. Payne, 437 F.3d 49 (6th Cir. 2006)(In order to admit an out-of-court statement that is nested within another, Rule 805 requires that both statements be admissible.) Therefore, those portions of the attorney's letter based on what he was told by an unknown third party or parties is inadmissible hearsay, Carden v. Westinghouse Electric Corp., 850 F.2d 996, 1002 (3rd Cir. 1988); Cedeck v. Hamilton Federal Savings and & Loan Ass'n, 551 F.2d 1136, 1138 (8th Cir. 1977), and must be excluded.

Moreover, even if it were to be assumed, *arguendo*, that the statements "nested" within the attorney's letter were non-hearsay or were within an exception to the hearsay rules and, therefore, did not violate Rule 805, they still run afoul of Rule 602 - "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Certainly the attorney had no personal knowledge of the events leading to the arrest. Rule 602 would prevent him from testifying to these matters in-court and his "testimony" does not become admissible merely because it is contained within a document.

And finally with regard to the lawyer's letter, it is clear that it was offered by the attorney as part of plea negotiations and is not admissible against defendant. Federal Rules of Evidence, Rule 410(4).

                         Respectfully submitted,

                         Albert Y. Dayan