UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

UNITED STATES OF AMERICA,

      V.                                 Ind. # S4 16 Cr. 672 (KPS)

JOSEPH ATUANA,
                    Defendant.
-------------------------------------------------------

### DEFENDANT JOSEPH ATUANA'S SECOND RESPONSE TO GOVERNMENT'S MOTION *IN LIMINE*

Introduction

    This memorandum is submitted to augment defendant Atuana's previously submitted memorandum.

Severance

    The government seeks to admit evidence of co-defendant Adeniran's December 9, 2010 state arrest, and conduct underlying that arrest, for a $1,000,000.00 bank fraud. According to the government the criminal conduct involves the same banks, same entities, and same methods of fraud as charged in the indictment. But, there is no evidence that defendant Atuana participated in any way in that crime, which pre-dated the charged conspiracy by well more than one year, or even had knowledge of its existence. The government's claim that it "arose out of the same transaction or series of transactions as the charged offense," "is inextricably intertwined with the evidence regarding the charged offense," or "is necessary to complete the story of the crime on trial," and is, therefore, admissible against Atuana, is totally unsupported and without foundation.

It may very well be that that evidence is admissible against Adeniran alone as other crimes evidence under Fed. R. Evid. 404(b), but that evidence would have a devastating, prejudicial "spill-over" effect against Atuana, particularly with regard to his "good faith" defense, because no cautionary instruction could enable the jury to consider the evidence solely against Adeniran. Cf. Bruton v. United States, 391 U.S. 123 (1968). Generally, when similar act evidence is admitted in a multiple defendant trial, it is clear that the co-defendant claiming prejudice could not have been involved in the similar offense. In those circumstances, there is little doubt that a cautionary instruction is sufficient to preserve the co-defendant's right to a fair trial. United States v. Rosenwasser, 550 F.2d 806 (2nd Cir. 1977). Here, however the evidence sought to be admitted against Adeniran is not so clearly unrelated to the charges against Atuana.

Accordingly, if the evidence regarding Adeniran''s December 9, 2010 state arrest is to be admitted against Adeniran, Atuana should be granted a severance under Rule 14., Federal Rules of Criminal Procedure.

Respectfully submitted,

/s/
Albert Y. Dayan