UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
UNITED STATES OF AMERICA
                                                            :
              -v.-                          S4 16 Cr. 672 (KPF)
                                                            :
JOSEPH ATUANA, and
AYODELE ADENIRAN,
                                                            :
                    Defendants.
                                                            :
------------------------------------------------------------x


## THE GOVERNMENT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE*


GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007
Attorney for the United States


Rebekah Donaleski
Nicholas Folly
Andrew D. Beaty
Assistant United States Attorneys
-Of Counsel-

## PRELIMINARY STATEMENT

The Government moved *in limine* with respect to the upcoming trial of defendants Joseph Atuana ("Atuana") and Ayodele Adeniran ("Adeniran"), asking the Court to, among other things, allow the introduction of: (i) the defendants' prior arrests and Atuana's prior conviction related to bank fraud as direct evidence of the charged offenses, and in the alternative, admissible other acts evidence pursuant to Rule 404(b) of the Federal Rules of Evidence; and (ii) Atuana's proffer statements, in the event the waiver-triggering provisions of Atuana's proffer agreement are enforced.[1]

The defendants argue that introduction of evidence related to their prior arrests is prejudicial and constitutes propensity evidence.  Atuana also moves for severance in the event evidence regarding Adeniran's 2010 arrest is introduced as other acts evidence.   For the reasons set forth below, the defendants' objections are without merit, and contrary to controlling legal authority.  The Government's motion *in limine* therefore should be granted in its entirety.

I.     **The Defendants' Prior Arrests and Atuana's Conviction Are Admissible As Direct Proof, or in the Alternative, Other Acts Evidence**

The Government moved *in limine* to admit evidence of (i) Atuana's 2014 arrest for grand larceny and conviction for disorderly conduct; and (ii) Adeniran's 2010 and 2016 arrests for grand larceny and identity theft as direct evidence, or in the alternative, as other acts evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.[2]  Atuana does not object to the introduction of

---

[1] The Government incorporates herein the defined terms listed in the Government's motion *in limine*.  (Dkt. 59) ("Gov't Br.").  Neither Atuana nor Adeniran opposed the Government's motion with respect to Atuana's proffer statements.

[2] The Government also seeks to introduce evidence of Atuana's January 20, 2016 arrest for grand larceny in New York County, and eventual conviction of disorderly conduct, arising from his

evidence regarding his 2014 arrest and conviction, but argues that the letter sent by his attorney in that case is inadmissible as double hearsay and as a plea communication under Rule 410.[3] He is mistaken on both points. Adeniran objects to the introduction of evidence regarding his 2010 and 2016 arrests as improper propensity evidence. To the contrary, evidence regarding the defendants' prior arrests are plainly admissible as direct evidence of the crimes charged, and in the alternative, other acts evidence to demonstrate the defendants' intent, knowledge, and lack of mistake.

Atuana does not object to the introduction of evidence regarding his 2014 arrest and conviction, but argues that the letter sent by his counsel is inadmissible as it contains double hearsay, and was made during a plea negotiation, pursuant to Rule 410. Both arguments fall short. First, the letter, in its entirety, is admissible as a statement of a party opponent, and is not hearsay. "Admissions by a party opponent are excluded from the category of hearsay on the theory that their admissibility in evidence is the result of the adversary system, rather than satisfaction of the conditions of the hearsay rule." *Schering Corp.* v. *Pfizer Inc.*, 189 F.3d 218, 238 (2d Cir. 1999) (quoting Fed. R. Evid. 801(d)(2) advisory committee's note) (internal citations omitted). Rule

---

deposit of fraudulent checks into an account controlled by him at Carver Bank. Atuana subsequently pled guilty to disorderly conduct, a violation, and received a conditional discharge. The Government seeks to introduce evidence related to Atuana's arrest, the conduct leading to the arrest, and the conviction. The conduct leading to Atuana's 2016 arrest is charged in the Complaint, Paragraph 17. Such evidence is direct evidence of the bank and wire fraud conspiracy and substantive bank fraud charge against Atuana, as well as in the alternative, 404(b) other acts evidence. The proffered evidence is admissible for the reasons set forth in the Government's opening brief. The 2016 conviction appears on Atuana's rap sheet, which was previously produced to defense counsel. However, the Government only recently obtained, and produced to the defense, documentation pertaining to this arrest. Thus, the Government seeks to include this 2016 arrest and conviction in its motions *in limine*.

[3] The Government addresses Atuana's argument for severance based on the admission of evidence regarding Adeniran's 2010 arrest in Section II, *infra*.

801(d)(2) provides that an opposing party's statement is admissible against an opposing party where (i) it was "made by the party in an individual or representative capacity"; (ii) "is one the party manifested that it adopted or believed to be true"; or (iii) "was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Each requirement is separately met here. Atuana's attorney sent the letter in the course of his representation of Atuana in the 2014 prosecution. What is more, Atuana's attorney, an officer of the court, represented facts regarding Atuana's state of mind that the attorney believed to be true. Thus, the letter is admissible in its entirety pursuant to Rule 801(d)(2), and is not hearsay. As such, Rule 805's prohibition on hearsay within hearsay is simply inapplicable.

Atuana's reliance on Rule 410 is similarly misplaced. Rule 410(a)(4) of the Federal Rules of Evidence governs the admissibility of statements made by a defendant during the course of plea negotiations, and provides: "(a) In a civil or criminal case, evidence of the following is not admissible against the defendant who made the plea or participated in the plea discussions: (4) a statement made during plea discussions with an attorney for the prosecuting authority if the discussions did not result in a guilty plea or they resulted in a later-withdrawn guilty plea." "The underlying purpose of Rule 410 is to promote plea negotiations by permitting defendants to talk to prosecutors without sacrificing their ability to defend themselves if no disposition agreement is reached." *United States* v. *Barrow*, 400 F.3d 109, 116 (2d Cir. 2005) (noting that Rule 410's "limitations are not to be read broadly"). In the instant case, Atuana's plea discussions in 2014 *did* result in a plea to disorderly conduct, a violation, which resolved the pending charges against him. Rule 410, by its terms, does not apply and the letter is admissible.[4]

---

[4] Atuana also states that he intends to put forth a "good faith" defense. To that end, Atuana includes

3

Adeniran raises two primary objections to the introduction of evidence regarding his 2010 and 2016 arrests: *first*, that such evidence is minimally relevant and offered for an improper purpose, and *second*, that the evidence is overly prejudicial.[5]  Both arguments run contrary to the controlling case law and should be rejected.  The Government moved for admission of evidence regarding Adeniran's prior arrests on the grounds that they are direct evidence of the instant offense.  (Gov't Br. 11).  In response, although Adeniran concedes that the conduct underlying his prior arrests is "precisely the same conduct for which he is accused in the instant case," he puzzlingly also argues that the conduct is only "minimally relevant to this matter."  (Adeniran Br. 4, 5-6).  To the contrary, Adeniran's deposits of fraudulent checks into his own bank accounts on two separate occasions are direct evidence of the larger bank and wire fraud conspiracy, as well as the substantive bank fraud, with which he is charged.

The Government argued, in the alternative, for the proffered evidence's admission on the grounds that it is permissive 404(b) evidence offered to show Adeniran's intent, knowledge, and lack of mistake.  (Gov't Br. 11–12).  In response, Adeniran argues that because the Government has evidence that proves that Adeniran opened bank accounts, received fraudulent funds, and withdrew the proceeds, it should be required to use only that evidence to prove his state of mind.  (Adeniran Opp'n 5).  Adeniran's argument misses the mark.  The Government presumes that

---

a proposed "good faith" defense jury instruction.  The Government respectfully requests that the Court include the "good faith" instruction proposed by the Government in its proposed jury instructions.  *See* Dkt. 61, Request 19.

[5] Adeniran repeatedly states that the Government intends to offer proof of his conviction related to his 2010 arrest, and cites case law relevant to the admission of criminal convictions.  (*See, e.g.*, Adeniran Opp. 4-5).  He is wrong.  As set forth in the Government's opening brief, the Government does not intend to introduce evidence of Adeniran's conviction in its case in chief, but does intend to cross-examine Adeniran regarding the conviction should he testify, pursuant to Rule 609.

Adeniran does not intend to stipulate to his criminal intent.  *See United States* v. *Colon,* 880 F.2d 650, 656-57 (2d Cir. 1989) (holding that if a defendant removes the element of intent or knowledge from a case, prior act evidence cannot be introduced for the purpose of establishing that element). Yet each item Adeniran points to in support of his argument, such as bank records and surveillance, show that Adeniran committed criminal acts, but do not necessarily show his state of mind while doing so.  For this reason, Adeniran's reliance on *United States* v. *Nachemie*, 101 F. Supp. 2d 134, 142 (S.D.N.Y. 2000) is misplaced.  In that case, the Government had ample other evidence of the defendant's knowledge and intent, including from cooperating witnesses and tape recordings of the defendant, such that evidence of his prior convictions was cumulative.  Here, no similar such evidence exists.   There are no cooperating witnesses or co-conspirators who can speak to Adeniran's intent, knowledge, and state of mind.  Thus, evidence of this nature—that Adeniran was arrested for depositing fraudulent checks into his bank account, and continued to do so afterward—is critical evidence of Adeniran's intent, knowledge, and state of mind.    *See, e.g.*, *United States* v. *Derosena*, 186 F. App'x 27, 29 (2d Cir. 2006) (upholding admission of prior fraudulent acts in bank fraud trial to show the defendant's "knowledge and intent"); *United States* v. *Bok,* 156 F.3d 157, 165-66 (2d Cir. 1998) (finding trial court acted within its discretion in allowing admission of defendant's tax-paying record to prove his intent to commit tax evasion); *United States* v. *Clemente,* 22 F.3d 477, 482-83 (2d Cir. 1994) (finding district court's admission of similar act evidence on issues of knowledge and intent proper); *United States* v. *Zackson,* 12 F.3d 1178, 1182 (2d Cir. 1993) ("Where a defendant claims that his conduct has an innocent explanation, prior act evidence is generally admissible to prove that defendant acted with the state of mind necessary to commit the offense charged."); *United States* v. *Mingo*, 76 F. App'x

5

379, 382 (2d Cir. 2003) ("When knowledge and intent are disputed, a defendant's commission of similar bad acts is generally deemed probative").

Nor does Rule 403 provide a basis to exclude this evidence. "Rule 403 favors admissibility: evidence is only excluded when its probative value is *substantially outweighed* by the prejudice of jury confusion." *United States* v. *White*, 692 F.3d 235, 247 (2d Cir. 2012). Adeniran does not articulate any reason why this evidence is "substantially more prejudicial" than the instant charges. Indeed, Adeniran goes so far as to concede that his prior arrests charge "precisely the same conduct for which he is accused in the instant case." (Adeniran Opp'n 4). Instead, he argues that the evidence fails a Rule 403 analysis because the jury will engage in an improper "propensity determination." (Adeniran Opp'n 4-7). But as the above makes clear, the proffered evidence is *not* propensity evidence—it is direct evidence of the crimes charged, and in the alternative, evidence of the defendants' knowledge, intent, and lack of mistake. Further, if the Court instead admits this evidence under Rule 404(b), the Court can provide a jury instruction regarding the purpose(s) for which the jury may consider this evidence. *See United States* v. *Cummings*, 858 F.3d 763, 776 (2d Cir. 2017). The Court should admit evidence of the defendants' prior arrests and of Atuana's prior conviction.

## II. Atuana's Severance Motion Is Without Merit

Atuana moves to sever his trial from Adeniran in the event evidence regarding Adeniran's 2010 arrest is admitted pursuant to Rule 404(b).[6] Atuana's argument falls far short of the high bar

---

[6] Atuana moved for severance based only on Adeniran's 2010 arrest.

required for severance, and any potential prejudice to Atuana can be remedied through a limiting instruction.  Atuana's motion should be denied.

### A.    Applicable Law

Rule 14 of the Federal Rules of Criminal Procedure provides that a district court may "order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires" "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant."  The decision whether to grant a motion for severance under Rule 14 is "confided to the sound discretion of the trial court," *United States* v. *Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) (internal citations omitted).  The Supreme Court has cautioned that courts should exercise this authority sparingly, as severance is warranted only if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  *Zafiro* v. *United States*, 506 U.S. 534, 539 (1993).  As the Second Circuit has observed, "[t]he principles that guide the district court's consideration of a motion for severance usually counsel denial." *United States* v. *Rosa*, 11 F.3d 315, 341 (2d Cir. 1993).

Such considerations are further amplified where, as here, defendants are charged with similar or identical conduct.  Joint trials are "particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy."  *United States* v. *Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003); *see also United States* v. *Salameh*, 152 F.3d 88, 115-16 (2d Cir. 1998).  Where, as here, both putative defendants are charged with participating in the same conspiracy, a defendant seeking severance shoulders the "'extremely difficult burden'" of showing that he would be so prejudiced by the joinder at issue that he would be denied a fair trial.  *United*

*States* v. *Casamento*, 887 F.2d 1141, 1149 (2d Cir. 1989) (quoting *United States* v. *Carpentier*, 689 F.2d 21, 27 (2d Cir. 1982)).

The Second Circuit has held that "[a] defendant raising a claim of prejudicial spillover bears an extremely heavy burden." *United States* v. *Friedman*, 854 F.2d 535, 563 (2d Cir. 1988) (holding that defendant did not suffer prejudicial spillover because "most of the evidence of which he complains would have been admissible against him in a separate trial as acts of co-conspirators in the furtherance of a conspiracy"). Where prior act evidence does not implicate or include another co-defendant's involvement, any potential "spillover" prejudice that a co-defendant may incur in a joint trial can be remedied through a limiting instruction. *United States* v. *Rosenwasser*, 550 F.2d 806, 808 (2d Cir. 1977) ("[W]hen similar act evidence is admitted in a multiple defendant trial, it is clear that the co-defendant claiming prejudice could not have been involved in the similar offense. In those circumstances, there is little doubt that a cautionary instruction is sufficient to preserve the co-defendant's right to a fair trial.").

Simply put, the strong presumption in this Circuit is that defendants who are indicted together should be tried together. *See*, *e.g.*, *Zafiro*, 506 U.S. at 537; *United States* v. *Blount*, 291 F.3d 201, 209 (2d Cir. 2002); *United States* v. *Reyes*, 176 F.3d 52, 102 (2d Cir. 1999). Given this presumption, the "prejudice" standard is difficult to satisfy even when the alleged prejudice is that which may result from a delay in trial. Even assuming that a particular defendant is somehow prejudiced by joinder, the issue under Rule 14 is whether that prejudice "is sufficiently severe to outweigh the judicial economy that would be realized by avoiding lengthy multiple trials." *United States* v. *Lanza*, 790 F.2d 1015, 1019 (2d Cir. 1986) (quoting *United States* v. *Panza*, 750 F.2d 1141, 1149 (2d Cir. 1984)).

8

### B.    Discussion

Atuana argues that if evidence of Adeniran's 2010 arrest is introduced pursuant to Rule 404(b), such evidence would have a "devastating" spill-over effect, particularly with respect to his "good faith" defense.  Atuana's argument falls short.  In this Circuit, courts routinely permit the introducing of other acts evidence that implicates only one co-defendant, because any potential spill-over prejudice can be cured by a limiting instruction.  *See United States* v. *Spinelli*, 352 F.3d 48, 55 (2d Cir. 2003) (district court's explicit instruction that jury consider defendants individually remedied spillover prejudice).

Though Atuana claims that the 2010 arrest evidence "is not so clearly unrelated to the charges against Atuana," that is not the legal standard required for severance.  Atuana was not charged in Adeniran's 2010 arrest, and the Government is aware of no evidence indicating that he was involved in the underlying conduct.  A limiting instruction directing the jury to consider each defendant separately will cure any potential prejudice posed to Atuana by the introduction of Adeniran's prior arrest.  *United States* v. *Miller,* 116 F.3d 641, 679 (2d Cir. 1997) (nothing that spillover prejudice may be cured through clear judicial instructions).  Atuana's severance motion should be denied.

## **CONCLUSION**

The Court should grant the Government's motions *in limine* in their entirety.

Dated:          New York, New York
                January 8, 2018

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney
                                        Southern District of New York


                                    By: /s/_____
                                        Rebekah Donaleski/ Nicholas Folly/
                                        Andrew D. Beaty
                                        Assistant United States Attorneys
                                        Southern District of New York
                                        (212) 637- 2423/1060/2198