UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

           -v.-

JOSEPH ATUANA,

                  Defendant.

16 Cr. 672-1 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

    Defendant Joseph Atuana, who is currently incarcerated at the Metropolitan Detention Center in Brooklyn, New York (hereinafter, the "MDC"), filed a compassionate release motion pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking release from incarceration on account of the COVID-19 pandemic, his pre-existing medical conditions, and the conditions of his confinement. (Dkt. #179, 182, 189). In an Order issued on October 22, 2020, the Court denied Mr. Atuana's motion. (Dkt. #191). In subsequent filings in January and July 2021, Mr. Atuana requested that the Court reconsider its prior order and grant him release to home confinement. (Dkt. #198, 199). In this Order, the Court denies that request.

    The Court incorporates by reference its prior discussion of the factual and procedural histories of this case. (Dkt. #191; *see also* Dkt. #167 (sentencing transcript)). *See generally United States* v. *Atuana*, 816 F. App'x 592 (2d Cir. 2020) (summary order) (affirming conviction). In his first reconsideration submission, Mr. Atuana reiterated his medical conditions of obesity and hypertension, and also made arguments regarding the consequences of frequent lockdowns at the MDC. (Dkt. #198 at 1). In his

more recent submission, Mr. Atuana advised that he had contracted the coronavirus in January 2021, and that he had been vaccinated in May 2021. (Dkt. #199).  Mr. Atuana also related that he has pursued additional programming offered by the BOP while incarcerated, and that he has deepened his religious faith.  (*Id.*).

An initial question for this Court concerns how best to construe Mr. Atuana's motion.  Mr. Atuana has couched it as a motion for reconsideration; if so, it is arguably untimely, inasmuch as S.D.N.Y. Local Criminal Rule 49.1(d) specifies a 14-day deadline.[1]  Indeed, cases decided under the predecessor rule to Local Criminal Rule 49.1 have found that such untimeliness is itself a sufficient basis for denial.  *See United States* v. *Yannotti*, 457 F. Supp. 2d 385, 390 (S.D.N.Y. 2006); *see also United States* v. *Nelson*, No. 10 Cr. 414 (PKC), 2011 WL 2207584 (S.D.N.Y. June 3, 2011).  However, courts retain the discretion to excuse an untimely filing, and this Court will do that here.

The standards for reconsideration between the civil and criminal local rules are largely the same.  As this Court has observed previously:

> [T]he moving party must "point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader* v. *CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995)

---

[1] Before the enactment of Local Criminal Rule 49.1(d), courts in the Southern and Eastern Districts of New York traditionally used Local Civil Rule 6.3, which also specified a 14-day deadline for the filing of motions for reconsideration.  *See generally United States* v. *Carollo*, No. 10 Cr. 654 (HB), 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ("Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3.").  Because Criminal Local Rule 49.1(d) is of comparatively recent vintage, the Court cites to cases decided under both Local Rules.

> (internal citations omitted) (observing that the standard for granting motions for reconsideration is "strict").
>
> "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish* v. *Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd.* v. *Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citation and quotation marks omitted).
>
> The Second Circuit has made clear that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories ... or otherwise taking a second bite at the apple." *Analytical Surveys, Inc.* v. *Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Such a motion likewise should not be made "reflexively to reargue 'those issues already considered when a party does not like the way the original motion was resolved.'" *In re Optimal U.S. Litig.*, 813 F. Supp. 2d 383, 387 (S.D.N.Y. 2011) (quoting *Makas* v. *Orlando*, No. 06 Civ. 14305 (DAB) (AJP), 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (internal quotation marks omitted)).

*United States* v. *Almonte*, No. 14 Cr. 86 (KPF), 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014); *accord United States* v. *Pinto-Thomaz*, No. S2 18 Cr. 579 (JSR), 2019 WL 1460216 (S.D.N.Y. Jan. 10, 2019); *United States* v. *Baldeo*, No. S1 13 Cr. 125 (PAC), 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015) (summary order).

This Court has carefully considered Mr. Atuana's arguments for reconsideration in light of new guidance issued by the Second Circuit for district courts to consider in resolving compassionate release applications:

3

Section 3582(c)(1)(A) authorizes a court to reduce a previously imposed term of imprisonment upon finding that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). A court deciding a compassionate release motion can consider "the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it]." *United States* v. *Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). But there are three requirements that must be satisfied before a court can grant such relief. First, absent waiver or forfeiture by the government, an inmate must exhaust administrative remedies by requesting such relief from prison authorities. Specifically, an inmate may ask the sentencing court to consider reducing a sentence only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); *see also United States* v. *Saladino*, 7 F.4th 120, 124 (2d Cir. 2021) (holding that the government may waive or forfeit the exhaustion requirement). Second, a court must "consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); see [*United States* v. *Jones*, 17 F.4th 371, 374-75 (2d Cir. 2021). Section 3553(a), in turn, lists numerous factors a court must review when imposing a sentence. These include, as most relevant here, "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed ... to provide the defendant with ... correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). Third, the inmate must demonstrate that his proffered circumstances are indeed "extraordinary and compelling" such that, in light of these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed.

*United States* v. *Keitt*, No. 21-13-cr, 2021 WL 6058144, at *2 (2d Cir. Dec. 22, 2021). The Court finds no basis to reconsider its prior decision denying Mr. Atuana's request for release.

As with his initial motion for compassionate release, Mr. Atuana spends considerable time detailing his co-morbidities; however, while Mr. Atuana initially sought release to home confinement to avoid contracting the COVID-19 virus, he now seeks release to avoid contracting the virus a second time. (Dkt. #199). The Court is concerned about Mr. Atuana's claims of delay in the receipt of medical attention that are set forth in his January 2021 reconsideration submission, but it notes that those claims were not renewed in his July 2021 reconsideration submission. More to the point, while the Court considers it regrettable that Mr. Atuana contracted the COVID-19 virus while incarcerated, it is grateful to learn that there were no long-term deleterious effects and that Mr. Atuana was subsequently vaccinated. (*Id.*). Mr. Atuana also notes the rehabilitative steps he has taken while imprisoned, but these were also mentioned in his initial motion. (*Compare* Dkt. #182, *with* Dkt. #198, 199).

As with his initial motion, the Court concludes that Mr. Atuana's medical and rehabilitative claims do not constitute "extraordinary and compelling" reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A), and are insufficient to warrant reconsideration of the Court's previous order. What is more, the Court's earlier consideration of the factors in 18 U.S.C. § 3553(a) remains unchanged:

> Separately, the factors set forth in 18 U.S.C. § 3553(a) counsel against granting Mr. Atuana's motion. Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," as well as the need "to protect the public from further crimes of the defendant." *See* 18 U.S.C. § 3553(a)(1), (a)(2)(C). As made clear by its sentencing rationale, the Court remains concerned that Mr. Atuana, who has neither shown remorse nor accepted responsibility for his trove of criminal conduct, is a significant risk of recidivism. For four years, Mr. Atuana engaged in dozens of fraudulent schemes, resulting in millions of dollars in actual and intended losses to scores of people and companies. *Mr. Atuana and his co-conspirators infused their conduct with religiosity, suggesting that successfully defrauding others reflected divine intervention, or at least, divine approval of their undertakings. And four years after his arrest, nearly three years after his conviction, and one year after his sentencing, Mr. Atuana has displayed not one bit of remorse.* Accordingly, even if the Court had found extraordinary and compelling circumstances on the facts presented, which it has not, it would deny Mr. Atuana's application based on its contemporaneous consideration of the § 3553(a) factors.

(Dkt. #192 at 13-14 (emphasis added)). Mr. Atuana touts his intensified Christian faith (Dkt. #199 at 1 ("In addition, I have gotten closer to my God and savior Jesus Christ who in turn has used [*sic*] to lead other inmates to him.")), but continues to show no contrition for his years of fraudulent conduct. To grant his motion for reconsideration would only serve to undermine the balancing of the § 3553(a) factors undertaken by the Court at Mr. Atuana's original sentencing.

## CONCLUSION

For the foregoing reasons, Defendant Joseph Atuana's motion for reconsideration of the Court's earlier denial of his application for

compassionate release under 18 U.S.C. § 3582(c)(1)(A) is DENIED. The Clerk of Court is directed to mail a copy of this Order to Mr. Atuana at his address of record.

    SO ORDERED.

Dated:   December 28, 2021
           New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge